PETER W. WILTBANK v. THE AUTOMATIC AMUSEMENT MACHINE COMPANY.

Submitted December 5, 1902—Decided February 24, 1903.

An agreement between the incorporators of a company that, in consideration of their respective services to each other and the company, and in consideration of $1 paid by each to the other of them, so much of the company's stock as was left after paying with it for certain patent-rights and property acquired by the

company should be divided between them, did not preclude a recovery for services, rendered by any of the parties to the agreement, as employes of the company.

On rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices VAN SYCKEL, FORT and PITNEY.

For the plaintiff, *John W. Wescott.*

For the defendant, *Clarence T. Atkinson.*

PER CURIAM.

This action was brought by the plaintiff to recover compensation for services rendered by him as manager of the defendant company. The jury rendered a verdict in his favor for $450.

It appeared in evidence in the cause that the plaintiff was one of the incorporators of the defendant company, and that at or about the time of the organization of the company he and his fellow-incorporators entered into a written contract, by the provisions of which the parties thereto agreed that, in consideration of their respective services to each other and the company, and in consideration of $1 paid by each to the other of them, so much of the company's stock as was left after paying with it for certain patent-rights and property acquired by the company should be divided among them.

The ground upon which a new trial is asked by the defendant is that, by the terms of this agreement, the plaintiff was not entitled to recover compensation for his services as manager of the company, except by the allotment of his share of the company's stock to him.

The services referred to in the written contract were those rendered by the parties prior to, and at the time of, the incorporation of the company, and such services as should afterwards be rendered by them as directors. This did not include services to be afterward rendered by any of the parties to the agreement as employes of the company.

The rule to show cause should be discharged.